USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  2/7/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
RODRIGO MOROCHO,                              :
                                             :
                        Plaintiff,           :
                                             :
                -v-                          :
                                             :
STARS JEWELRY BY THE A JEWELER               :
CORP., *et al.*,                             :
                                             :
                                             :
                        Defendants.          :
-------------------------------------------------------------X

**MEMORANDUM ORDER**

23-CV-3836 (VSB) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

In this wage-and-hour case alleging violations of the Fair Labor Standards
Act and New York Labor Law, Plaintiff Rodrigo Morocho has moved by letter-
motion dated February 2, 2024 ("Pl. Mot.") (Dkt. No. 46) to quash a subpoena that
defendants served on T-Mobile seeking six years of his telephone records.  Morocho
contends as a threshold matter that the subpoena violates Rule 45 of the Federal
Rules of Civil Procedure in that defendants failed to provide him with adequate
notice of the subpoena.  Pl. Mot. at 2.  On the merits, Morocho argues that the
subpoena should be quashed because it seeks "potentially privileged information,
information which is not relevant, and is plainly disproportionate to the needs of
this case."  *Id.*  Defendants have opposed the motion to quash, arguing that the
telephone records are "highly relevant" as to whether Morocho was working
elsewhere during the hours that he alleges he was working for defendants.

Defendants' Response dated February 6, 2024 ("Defs. Resp.") (Dkt. No. 49), at 1.

For the reasons discussed below, Morocho's motion is granted.[1]

1.   **Defendants' Subpoena Violated the Notice Provisions of Rule 45**

Rule 45 requires that, before a subpoena *duces tecum* is served on a non-

party, "a notice and a copy of the subpoena must be served on each party." Fed. R.

Civ. P. 45(a)(4).  The purpose of the prior service requirement is to afford the

opposing party the opportunity to object to the production called for by the

subpoena. *See* Advisory Committee Notes to 1991, 2007, & 2013 Amendments to

Fed. R. Civ. P. 45(a).  Prior notice has been interpreted to mean "that notice be

given *prior* to the issuance of the subpoena, not prior to its return date." *Henry v.*

*Morgan's Hotel Grp., Inc.*, No. 15-CV-1789 (ER) (JLC), 2016 WL 303114, at *1

(S.D.N.Y. Jan. 25, 2016) (quoting *Schweizer v. Mulvehill,* 93 F. Supp. 2d 376, 411

(S.D.N.Y. 2000)).  *See also* 9A Charles Alan Wright & Arthur R. Miller, *Fed. Prac. &*

*Proc.* § 2454, at 406 (3d ed. 2010) (notice must "be given to each party before it is

served" (internal quotations omitted)).

---

[1] As plaintiff observes, he has standing to move to quash the subpoena issued to T-Mobile because he has an interest in avoiding disclosure of personal matters in his own phone records over a six-year period.  Pl. Mot. at 3 n.1 (citing cases); *see also, e.g., Silverstone Holding Grp., LLC v. Zhongtie Dacheng (Zhuhai) Inv. Mgmt. Co.*, 650 F. Supp. 3d 199, 202 (S.D.N.Y. 2023) ("[A] non-party individual or entity has standing to quash a subpoena if the individual or entity is seeking to protect a personal privilege or right." (citation omitted)); *Syposs v. United States,* 181 F.R.D. 224, 227–28 (W.D.N.Y. 1998) (court recognized legitimate interest in preserving confidentiality of physician's cell phone records as sufficient to support his standing to oppose subpoena to cellular phone provider).

There is no dispute that defendants failed to comply with Rule 45's notice requirement.[2]  On January 24, 2024, defendants provided Morocho with a copy of a subpoena to T-Mobile that had a return date of January 26, 2024 at 12:00 p.m.  Pl. Mot. at 2 & Ex. C (subpoena).  Thus, defendants afforded notice of less than two business days to plaintiff (and to T-Mobile) that they were seeking six years of his phone records.  Some courts have quashed subpoenas due to untimely notice alone. *See, e.g., Murphy v. Bd. of Educ. of Rochester Cty. Sch. Dist.,* 196 F.R.D. 220, 222 (W.D.N.Y. 2000).  The failure to give proper notice is not an insignificant matter, and it should not be lightly glossed over by a court.  *See Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.,* 190 F.R.D. 372, 380 (D. Md. 1999) ("[W]hen an attorney misuses his or her power under Rule 45 to command a non-litigant to produce documents in a lawsuit to which he or she is a stranger by failing to give appropriate notice to the parties, public confidence in the integrity of court processes is eroded.").

Failure to provide advance notice, however, is not always a basis to quash a subpoena.  Many courts require the objecting party also to demonstrate prejudice. *See, e.g., Kingsway Fin. Servs., Inc. v. Pricewaterhouse–Coopers LLP,* No. 03-CV-5560 (RMB) (HBP), 2008 WL 4452134, at *3 (S.D.N.Y. Oct. 2, 2008) ("The majority approach . . . requires that the aggrieved party demonstrate some form of prejudice resulting from the failure to provide advance notice." (citing cases)).  On the record

---

[2] Defendants do not respond to plaintiff's "notice" argument in their letter, other than to contend that there was no "deficiency in service."  Defs. Resp. at 1.

3

presented here, it does not appear that Morocho has been prejudiced by the delay in service because no records have yet been produced by T-Mobile to defendants.  *See, e,g, Malinowski v. Wall St. Source, Inc.*, No. 09-CV-9592 (JGK) (JLC), 2010 WL 4967474, at *2 (S.D.N.Y. Nov. 23, 2010) (intent of prior notice requirement effectuated because plaintiff was able to file motion to quash, and third party had produced no documents); *Kingsway Fin. Servs., Inc.,* 2008 WL 4452134, at *3–4 (no prejudice where objecting party filed motion to quash and subpoenaed party had produced no documents).[3]

## 2.  The Subpoena Is Overbroad and Should Be Quashed

Even if the Court were to conclude that defendants' violation of Rule 45 was harmless error and that Morocho did not suffer any prejudice, there are other grounds on which the subpoena should be quashed.  The scope of the subpoena itself is problematic, to say the least.  In the subpoena at issue, defendants command T-Mobile to produce "all phone records for [plaintiff's telephone number] from May 1, 2017 to May 1, 2023, including time outbound and inbound calls, duration etc." Blanket requests of this kind are plainly overbroad and impermissible.  *See, e.g., Gropper v. David Ellis Real Estate, L.P.*, No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (request for "any and all" documents is inherently overbroad); *Rice v. Reliastar Life Ins. Co.,* Civ. A. No. 11-44-BAJ-CN,

---

[3] Counsel for defendants represented during the telephone conference with the Court on February 5 that he had not yet received any documents from T-Mobile in response to the subpoena.

4

2011 WL 5513181, at *2 (M.D. La. Nov. 10, 2011) ("a request for 'any and all' documents' relating to a particular subject is overbroad and amounts to little more than a fishing expedition"); *Badr v. Liberty Mut. Grp., Inc.,* No. 3:06CV1208 (AHN), 2007 WL 2904210, at *3 (D. Conn. Sept. 28, 2007) (finding request for "any and all" documents overly broad).  By failing to limit its subpoena in time or otherwise, defendants are "merely trying to engage in a fishing expedition."  *Lewin v. Nackard Bottling Co.,* No. CV 10-8041-PCT-FJM, 2010 WL 4607402, at *1 (D. Ariz. Nov. 4, 2010).  The overbreadth of the subpoena is thus an independent basis to quash it.[4]

### 3.   The Information Sought by the Subpoena Is Not Sufficiently Relevant to Warrant Production and is Disproportionate to the Needs of the Case

Finally, the subpoena should be quashed because the information that defendants seek is not sufficiently relevant to warrant production nor is it proportional to the needs of the case.  Rule 26(b)(1) of the Federal Rules of Civil Procedure, as amended in 2015, allows for discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  As the

---

[4] Notably, Morocho's complaint alleges that he worked for defendants from August 2015 to April 3, 2023 (Compl. ¶ 5, Dkt. No. 1), and yet defendants seek phone records even past the date that he allegedly worked for them.

Advisory Committee observes, the proportionality factors have been restored to their former position in the subsection "defining the scope of discovery," where they had been located prior to the 1993 amendments to the rules. Fed. R. Civ. P. 26(b)(1) Advisory Committee's Notes to 2015 Amendments. Under the amended rule, "[r]elevance is still to be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense." *State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14-CV-9792 (WHP) (JCF), 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). However, the amended rule is intended to "encourage judges to be more aggressive in identifying and discouraging discovery overuse" by emphasizing the need to analyze proportionality before ordering production of relevant information. *Id.* (quoting Fed. R. Civ. P. 26(b)(1) Advisory Committee's Notes to 2015 Amendments). The burden of demonstrating relevance remains on the party seeking discovery, but the newly revised rule "does not place on [that] party. . . the burden of addressing all proportionality considerations." *Id.* (citation omitted).

Thus, the Court must consider both the nature of the information sought and whether its production is "proportional to the needs of the case." Here, defendants contend that the records from T-Mobile are relevant to establish whether Morocho was in fact working during the hours he alleges in the complaint, or whether he was operating his own business during those hours. Defs. Resp. at 1. The Court finds this explanation to be an insufficient basis to warrant the subpoena served on T-

Mobile, as it is entirely speculative. Morocho's deposition has not yet been taken, and so defendants have no basis to support the request for his phone records, as there is no testimony from plaintiff to suggest their relevance. Indeed, the production of phone records, without more, would reveal, at most, that plaintiff was on the telephone at certain times. This is insufficient to justify the expansive subpoena that has been served on T-Mobile. *See, e.g., Gonzalez v. Allied Concrete Indus., Inc.*, No. 14-CV-4771 (JFB) (AKT), 2016 WL 4444789, at *4 (E.D.N.Y. Aug. 23, 2016) ("Defendants merely speculate that in light of Plaintiffs' general allegations in their Amended Complaint, somehow their cell phone records for the past six years will lead to promising evidence. However, such an unsupported theory is entirely too speculative to warrant a wholesale intrusion into the private affairs of the Plaintiffs."); *cf. Perry v. The Margolin & Weinreb Law Grp. LLP*, No. 14-CV-3511 (JS) (AKT), 2015 WL 4094352, at *4 (E.D.N.Y. July 7, 2015) (court explicitly grounded its decision to permit disclosure of sampling of plaintiff's cell phone records on plaintiff's deposition testimony that she occasionally made telephone calls while at work and, even so, evidence was considered only "marginally relevant").

## CONCLUSION

For all these reasons, the motion to quash is granted.  Defendants are directed to provide a copy of this order to T-Mobile forthwith, and to certify to the Court by letter that it has done so.

**SO ORDERED.**

Dated: New York, New York
February 7, 2024

_____
JAMES L. COTT
United States Magistrate Judge

8