```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
RODRIGO MOROCHO, on behalf of himself                       :
and all others similarly situated,                          :
                                                            :
                            Plaintiff,                      :         23-CV-3836 (VSB)
                                                            :
            -against-                                       :              ORDER
                                                            :
STARS JEWELRY BY THE A JEWELER                              :
CORP., STARS JEWELER BY TALIA, INC.,                        :
HANANYA ARANBAIEV (A/K/A ELI                                :
ARAN), and UAZIA ARANBAIEV,                                 :
                                                            :
                            Defendants.                     :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

For the reasons explained herein, the Court respectfully directs that the Clerk of Court seek pro bono counsel to enter a limited appearance for the purpose of participation in settlement conferences on behalf of Defendants in the above-captioned case. If pro bono counsel is retained, counsel will file a Notice of Limited Appearance as Pro Bono Counsel.

I.  **LEGAL STANDARD**

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490

U.S. 296, 301–10 (1989).  Moreover, courts do not have funds to pay counsel in civil matters.  Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving.  *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit Court of Appeals set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel.  802 F.2d at 61–62.  Of course, the litigant must first demonstrate that he or she is indigent.  The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61.  If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel).  In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).  Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## II.  DISCUSSION

On February 3, 2025, I granted Seo Law Group, PLLC's motion to withdraw as counsel for Defendants Stars Jewelry By the A Jeweler Corp., Stars Jeweler by Talia, Inc., Hananya Aranbaiev, and Uazia Aranbaiev due to nonpayment of attorneys' fees. (Doc. 84.)  In my order granting the motion to withdraw as counsel, I stayed the action until March 7, 2025 to permit

Defendants to seek new counsel. (*Id.*) On March 4, 2025, individual Defendant Hananya Aranbaiev submitted a letter seeking an extension of time to find counsel. (Doc. 86.) I granted the request and extended the stay of the case until May 9, 2025. (Doc. 87.) After a similar request on April 24, 2025, (Doc. 89), I again continued the stay of the case until July 11, 2025, (Doc. 90).

On July 9, 2025, Defendant Hananya Aranbaiev submitted a letter labeled as an "extension to find counsel," wherein he expressed that he "do[es] not have money to afford an attorney" and "need[s] guidance." (Doc. 91.) On July 16, 2025, Plaintiff Rodrigo Morocho submitted a letter motion seeking a settlement conference wherein Defendants would proceed pro se, asserting that continued extensions of the stay will prejudice Plaintiff. (Doc. 92.) Based on Hananya Aranbaiev's submissions to the Court, it seems that he has met with various attorneys but cannot afford the retainer fees, nor has he been able to pay the past-due balance owed to his prior attorneys. (*See* Doc. 89.) Although the individual Defendants can proceed pro se, the corporate Defendants, which are owned by the individual Defendants, cannot proceed pro se in federal court. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202–03 (1993). On July 24, 2025, I granted Plaintiff's request to refer this case for a settlement conference, indicated my willingness to consider requesting appointment of pro bono counsel for Defendants, and requested that the Individual Defendants each complete a financial affidavit. (Doc. 93.)

On August 13, 2025, Defendant Hananya Aranbaiev filed an Affidavit Regarding Financial Status. (Doc. 95 ("Financial Affidavit").) On the basis of the Financial Affidavit, I find that Hananya Aranbaiev qualifies as indigent. Defendant Uazia Aranbaiev did not submit an independent affidavit, but in past communications with the Court Hananya Aranbaiev has stated

3

that "Uzi Aranbaiev is my father who is ill with Parkinsis [sic] disease," (Doc. 86).  Hananya Aranbaiev's Financial Affidavit echoes this, stating:  "My parents are old and sick and are also my obligation but have not been able to cover expenses."  (Financial Affidavit at 3.)  On the basis of the representation that Uazia Aranbaiev is ill and is under the care – financial and otherwise – of Hananya Aranbaiev, I find that Uazia Aranbaiev also qualifies as indigent.

Plaintiff's Complaint asserts various claims under the New York Labor Law ("NYLL") and Fair Labor Standards Act ("FLSA") against Individual Defendants Hananya Aranbaiev and Uazia Aranbaiev, as well as their businesses, Defendants Stars Jewelry by the A Jeweler Corp. and Stars Jeweler by Talia, Inc.  (Doc. 1 ("Compl.").)  Without making any findings as to the merits of Plaintiff's claims, the Court finds that Defendants could present defenses that are "likely to be of substance."[1]  *Hodge*, 802 F.2d at 61–62.

The Court finds that other factors also weigh in favor of requesting pro bono counsel to represent Defendants.  Here, the corporate Defendants, businesses which are owned by the Individual Defendants, cannot proceed pro se and thus would be subject to a default judgment in the absence of counsel.  For this reason, I find that Defendants have no "ability to present the case" and thus the appointment of counsel "would be more likely to lead to a just determination."  *Hodge*, 802 F.2d at 61–62.  Furthermore, I find that Defendants have made diligent efforts to obtain representation after their prior counsel withdrew, although those efforts have not

---

[1] For instance, Plaintiff asserts claims for violations of the NYLL's wage statement and wage notice provisions.  However, *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), has substantially complicated plaintiffs' ability to obtain damages for violations of these provisions by requiring plaintiffs to allege concrete harms as a result of the failure to provide statutorily required notice.  *See, e.g.*, *Lucero v. Shaker Contractors, Corp.*, No. 21 CV-8675, 2023 WL 4936225, at *3 (S.D.N.Y. July 27, 2023) ("Courts in this District have applied *TransUnion* to find plaintiffs lack standing to bring claims under the NYLL's wage notice and wage statement provisions when those plaintiffs do not make specific allegations of concrete injuries they suffered as a result of their employers' failure to provide required wage records.").  Plaintiff's Complaint does not make such specific allegations, (*see* Compl. ¶¶ 115–122), and although Plaintiff could supplement the existing allegations to add specific facts and make these claims recoverable, these issues at least present ripe grounds for negotiation.

4

succeeded due to their indigent status.  (*See* Doc. 89 at 2 (explaining that Hananya Aranbaiev had "met with [various attorneys] but the retainer fees are so high [he] can't afford it").)  *See also Cooper*, 877 F.2d at 172 (courts should consider a litigant's "efforts to obtain a lawyer").  Lastly, on August 15, 2025, Plaintiff filed a letter in which he "consents to and [joins] in an[y] application for the appointment of pro bono counsel to represent Defendants for the limited purpose of participating in the settlement conference," noting that pro bono counsel would facilitate meaningful settlement discussions, encourage the efficient use of judicial resources, and ensure fairness to all parties.  (Doc. 96.)  Thus, all parties agree that the appointment of pro bono counsel to represent Defendants at a settlement conference would facilitate a more efficient, fair, and effective resolution of this case.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Defendants' case.  The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship.  *See* http://www.nysd.circ2.dcn/docs/prose/pro_bono_fund_order.pdf.

Pro bono counsel will not be obligated for any aspect of Defendants' representation beyond the matters described in this order.  In particular, pro bono counsel will not be required to respond to a dispositive motion.  In the event that Plaintiff moves for a default judgment or files any other motion[2], pro bono counsel may seek appropriate relief, including an extension of Defendants' time to respond, or an expansion of pro bono counsel's role to include responding to

---

[2] Plaintiff has already moved for partial summary judgment, (Doc. 65), and the motion is fully briefed.  I will hold the summary judgment papers in abeyance pending the outcome of any settlement conference.

the motion. Absent an expansion of the scope of pro bono counsel's representation, pro bono counsel's representation of Defendants will end upon completion of settlement discussions.

Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of Defendants in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to Defendants or to the Court in this matter.

## III.   CONCLUSION

For the foregoing reasons, the Clerk of Court is respectfully directed to attempt to locate pro bono counsel to represent Defendants for the purpose of engaging in settlement discussions[3]. The Court advises Defendants that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Defendants. If an attorney volunteers, the attorney will contact Defendants directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and Defendants should be prepared to proceed with the case without an attorney.

SO ORDERED.

Dated:      August 25, 2025
            New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge

---

[3] If and when pro bono counsel is appointed, the parties are directed to meet and confer regarding their preferred forum in which to conduct a settlement conference. In the absence of any preference from the parties, I will refer this case to the court-annexed mediation program.